UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joseph Sawtell

    v.                                            Civil No. 06-cv-229-SM

Warden, New Hampshire State Prison

**O R D E R**

Joseph Sawtell has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state court conviction and confinement (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings). For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Sawtell is entitled to relief. I therefore order him to amend the petition to demonstrate that each of the claims therein have been properly exhausted before I will direct that the petition be answered.

**Background**

On September 19, 2002, Joseph Sawtell allegedly shot Crystal Sheehan, his nineteen-year-old girlfriend, four times with a .357 magnum revolver and then shot himself in the chest. State v. Sawtell, 152 N.H. 177, 178, 872 A.2d 1013, 1015 (2005).  Having been convicted of first degree murder by the New Hampshire Superior Court (Rockingham County), he is currently serving a life sentence without the possibility of parole at the New Hampshire State Prison ("NHSP").  Following his conviction, Sawtell filed a direct appeal with the New Hampshire Supreme Court ("NHSC") in which he raised three claims: (1) inculpatory statements made by Sawtell were admitted in violation of New Hampshire Rev. Stat. Ann. ("RSA") § 329:26 and New Hampshire Rules of Evidence (N.H.R.E.") 503(a); (2) testimony of witnesses regarding Sawtell's unhappiness about fatherhood and removal of the victim and her son from their residence was admitted in violation of N.H.R.E. 403 and 404; and (3) testimony of witnesses regarding Sawtell's previous threats toward the victim was admitted in violation of N.H.R.E. 404.  Id. at 179, 872 A.2d at 1015.  The NHSC affirmed his conviction and sentence on May 9, 2005.  Id. at 182, 872 A.2d at 1018.

In the instant petition, Sawtell alleges four claims for federal habeas corpus relief:

1. whether the introduction at trial of Sawtell's alleged admission violated the physician-patient privilege, as set forth in RSA 329:26 and N.H.R.E. 503(a), and his Fourteenth Amendment right to due process;

2. whether the introduction at trial of evidence that Sawtell disliked fatherhood and evicted the victim and her son from their residence violated N.H.R.E. 403 and 404 and his Fourteenth Amendment right to due process;

3. whether the trial court erred by allowing the introduction of evidence of Sawtell's prior bad acts in violation of N.H.R.E. 404 and his Fourteenth Amendment right to due process; and

4. whether the State destroyed potentially exculpatory evidence when it failed to collect and analyze physical evidence found on the alleged murder weapon, in violation of Sawtell's Fourteenth Amendment right to due process.

**Discussion**

I. Custody and Exhaustion

To be eligible for habeas relief, Sawtell must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the

first requirement as he is currently incarcerated at the NHSP and thus is in custody.  However, Sawtell fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has

4

fully exhausted his state remedies with respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Sawtell raises four grounds for federal habeas corpus relief. While Grounds One through Three are similar to the claims raised on appeal to the NHSC, there is no indication that he presented the federal nature of those claims to the NHSC. The record reflects that Sawtell presented only state law evidentiary issues in his state court appeal. As to Ground Four of the petition, there is no indication that Sawtell presented that claim or the federal nature of that claim to the NHSC for review. Accordingly, he has failed to demonstrate exhaustion of state remedies as to the four claims raised in his federal petition.

To demonstrate exhaustion of his claims, Sawtell must provide this Court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts). In

particular, he should provide this Court with a copy of the notice of appeal filed with the NHSC. He may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II. Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court). See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack. Neverson v. Bissonnette, 261 F.3d 120, 126

n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Accordingly, if Sawtell elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Sawtell an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature of those claims.  To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days.  If the claims have not been exhausted, he is ordered to notify the court either (1) that he is withdrawing the unexhausted claims or (2) that he is proceeding in state court to exhaust them.

In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of

the date of this order.  I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Sawtell is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Sawtell must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
U.S. Magistrate Judge

Date: July 13, 2006

cc:   Thomas J. Gleason, Esquire
      Charles J. Keefe, Esq.