**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Joseph Sawtell


        v.                                Civil No. 06-cv-229-SM


Warden, New Hampshire State Prison


**REPORT AND RECOMMENDATION**


Having moved to lift the stay of federal proceedings, Joseph

Sawtell now seeks review of his petition for a writ of habeas

corpus and supporting documents, filed pursuant to 28 U.S.C. §

2254, in which he challenges the constitutionality of his state

court conviction and confinement (document nos. 1, 6, 9-12 and

28).  See Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts ("Habeas Rule") (requiring initial

review to determine whether the petition is facially valid).  For

the reasons stated below, I recommend that Grounds One, Two and

Three of the petition be dismissed for failure to state a claim

upon which federal habeas corpus relief may be granted.  By

separate order issued simultaneously herewith, I order Ground

Four to be served on the respondent.

**Background**

Convicted of first degree murder by the New Hampshire
Superior Court (Rockingham County), Sawtell is currently serving
a life sentence without the possibility of parole at the New
Hampshire State Prison ("NHSP").  His conviction stems from an
incident that occurred on September 19, 2002, during which he
allegedly shot Crystal Sheehan, his nineteen-year-old girlfriend,
four times with a .357 magnum revolver and then shot himself in
the chest.  See State v. Sawtell, 152 N.H. 177, 178, 872 A.2d
1013, 1015 (2005).  Sawtell filed a direct appeal of his
conviction with the New Hampshire Supreme Court ("NHSC") in which
he raised the following three claims:

> (1) inculpatory statements made by Sawtell were
> admitted in violation of New Hampshire Rev. Stat. Ann.
> ("RSA") § 329:26 and New Hampshire Rules of Evidence
> (N.H.R.E.") 503(a);
>
> (2) testimony of witnesses regarding Sawtell's
> unhappiness about fatherhood and removal of the victim
> and her son from their residence was admitted in
> violation of N.H.R.E. 403 and 404; and
>
> (3) testimony of witnesses regarding Sawtell's previous
> threats toward the victim was admitted in violation of
> N.H.R.E. 404.  Id. at 179, 872 A.2d at 1015.

The NHSC affirmed his conviction and sentence on May 9, 2005.

See id. at 182, 872 A.2d at 1018.

On June 19, 2006, Sawtell filed the instant petition in which he raised te following four claims for federal habeas corpus relief:

1. whether the introduction at trial of Sawtell's alleged admission violated the physician–patient privilege, as set forth in RSA 329:26 and N.H.R.E. 503(a), and his Fourteenth Amendment right to due process;

2. whether the introduction at trial of evidence that Sawtell disliked fatherhood and evicted the victim and her son from their residence violated N.H.R.E. 403 and 404 and his Fourteenth Amendment right to due process;

3. whether the trial court erred by allowing the introduction of evidence of Sawtell's prior bad acts in violation of N.H.R.E. 404 and his Fourteenth Amendment right to due process; and

4. whether the State destroyed potentially exculpatory evidence when it failed to collect and analyze physical evidence found on the alleged murder weapon, in violation of Sawtell's Fourteenth Amendment right to due process.

On July 13, 2006, the federal proceedings were stayed and the petition was held in abeyance, thereby affording Sawtell an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims.  On August 22, 2006, he filed a habeas corpus petition with the New Hampshire Superior Court (Merrimack County) in which he raised four claims identical to those presented in his federal habeas petition.  Sawtell also

cited to federal case law in support of his claims.  First, he asserted that prior bad acts evidence was introduced against him in violation of his Fourteenth Amendment right to due process, citing Bronshtein V. Horn, 404 F.3d 700 (3rd Cir. 2005).  Second, he asserted that the introduction of his admission to a treating nurse violated his Fourteenth Amendment right to due process, citing Reinert v. Larkins, 379 F.3d 76 (3rd Cir. 2004).  Third, he asserted that the State's destruction of potentially exculpatory evidence violated his Fourteenth Amendment right to due process, citing United States v. Trombetta, 467 U.S. 479 (1984).  By orders dated October 23, 2006, November 15, 2006 and January 19, 2007, the superior court dismissed three of the four claims on the basis that they were previously addressed by the NHSC.  By order of May 10, 2007, the superior court dismissed Sawtell's fourth claim, pertaining to the State's destruction of potentially exculpatory evidence, and denied his petition.

On April 14, 2008, Sawtell moved this court to lift the stay of federal proceedings and review his habeas corpus petition.  He claimed that the superior court's denial of his habeas corpus petition demonstrated exhaustion of state remedies.  On May 8, 2008, this court denied his motion on the basis that Sawtell

failed to present his claims to the State's highest court, the

NHSC (document no. 22).

On September 22, 2008, Sawtell filed an appeal with the NHSC

in which he raised the following claims:

> 1) whether the State destroyed potentially exculpatory
> evidence when it failed to collect and analyze physical
> evidence found on the alleged murder weapon and in the
> bore of the murder weapon, in violation of Sawtell's
> rights to due process of law under the state and
> federal constitutions (citing Illinois v. Fisher, 124
> S. Ct. 1200 (2004); and

> 2) whether the State violated Sawtell's rights to due
> process of law under the state and federal
> constitutions when it failed to address newly
> discovered issues in the state habeas corpus
> proceeding, "those issues being the existence of a not
> previously disclosed swab, the State's inability to
> locate the swab, and the further testing of the murder
> weapon and the preservation of any remaining evidence"
> (citing California v. Trombetto, 467 U.S. 479 (1984).

On September 29, 2008, the NHSC dismissed his appeal as untimely

filed.  Subsequently, Sawtell filed a motion to lift the stay of

federal proceedings, which was granted.  He now seeks review of

his federal petition.

**Discussion**

I.   Noncognizable Claims

A.   State Law Claims

Ground One of the petition asserts a federal habeas corpus

claim arising from the trial court's introduction of an admission by Sawtell that allegedly violated the physician-patient privilege, as set forth in RSA 329:26 and N.H.R.E. 503(a). Grounds Two and Three of the petition assert federal habeas corpus claims arising from the trial court's introduction of evidence at trial that allegedly violated of N.H.R.E. 403 and 404.

It is well-established that "[a] federal court may not issue the writ on the basis of a perceived error of state law."  Pulley v. Harris, 465 U.S. 37, 41 (1984).  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

State court evidentiary issues rarely will constitute a basis for federal habeas review.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(holding that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  While an exception exists where a petitioner alleges that an erroneous evidentiary ruling has

deprived him of his right to a fundamentally fair trial, see

Dressler v. McCaughtry, 238 F.3d 908, 914 (7th Cir. 2001) and

Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998), Sawtell has

not alleged such claim in his federal petition or in his appeals

to the NHSC.

While Grounds One, Two and Three are similar to the claims

raised in Sawtell's first appeal to the NHSC, there is no

indication that he presented the federal nature of those claims

to the NHSC.  The record reflects that he presented only state

law evidentiary issues in his first appeal.  In his second appeal

to the NHSC, Sawtell wholly failed to present Grounds One, Two

and Three, or the federal nature of those claims, if any.

Because Grounds One, Two and Three of the petition raise only

state law claims, I conclude they are not cognizable on federal

habeas review and therefore recommend they be dismissed.

II.  Cognizable Claim

To be eligible for habeas relief with regard to his

remaining claim, Ground Four, Sawtell must show that he is in

custody and has exhausted all state court remedies (or that he

falls within a narrow category of cases in which exhaustion is

not required, such as the absence of an available or effective

state corrective process).  See 28 U.S.C. § 2254(a) & (b); see
also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the
first requirement as he is currently incarcerated at the NHSP and
thus is in custody.  For the reasons stated below, I conclude
that he also satisfies the second requirement with regard to
Ground Four of the petition.

    A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.
1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state
appellate courts so that the state had the first chance to
correct the claimed constitutional error"); see also Baldwin v.
Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66
(requiring petitioner to "fairly present" his claim in the
appropriate state courts, including a state supreme court with
powers of discretionary review, thereby alerting that court to
the federal nature of the claim)).  "[T]he exhaustion principle
holds, in general, that a federal court will not entertain an
application for habeas relief unless the petitioner first has

fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In Ground Four of the petition, Sawtell alleges that the State destroyed potentially exculpatory evidence when it failed to collect and analyze physical evidence found on the alleged murder weapon, in violation of his Fourteenth Amendment right to due process. Ground Four is identical to the claim raised by Sawtell in his second appeal to the NHSC in which he presented the federal constitutional dimension of his claim. I therefore find that the claim presented here, including the federal nature of the claim, has been properly exhausted in the state courts to allow Sawtell's federal habeas corpus action to proceed at this time. Accordingly, I conclude that he has demonstrated exhaustion of Ground Four for purposes of federal habeas review.

## Conclusion

For the reasons stated above, I recommend that Grounds One, Two and Three of the petition be dismissed for failure to state a claim upon which federal habeas corpus relief may be granted. By separate order issued simultaneously herewith, I order Ground Four to be served on the respondent.

If this report and recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the petition.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date: April 7, 2009

cc:   Thomas J. Gleason, Esq.
      Scott F. Gleason, Esq.
      Stephen D. Fuller, Esq.
      Joseph Sawtell, Petitioner