UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Joseph Sawtell,
    Petitioner

    v.                                               Civil No. 06-cv-229-SM
                                                    Opinion No. 2009 DNH 157
Warden, New Hampshire
State Prison,
    Respondent


**O R D E R**

Joseph Sawtell, a New Hampshire State Prison inmate, petitions for a writ of habeas corpus. Before the court is respondent's motion for summary judgment. Sawtell objects. For the reasons given, respondent's summary judgment motion is granted.


**Background**

Sawtell was convicted of first-degree murder in the shooting death of Crystal Sheehan. At trial, the State contended that Sawtell shot Sheehan to death and then shot himself in an unsuccessful suicide attempt. State v. Sawtell, 152 N.H. 177, 178-79 (2005). His conviction was affirmed by the New Hampshire Supreme Court. See id. at 178.

Sawtell sought habeas relief in this court on four grounds. By order dated August 22, 2006, the case was stayed, to give

petitioner an opportunity to exhaust the remedies available to him in state court. He was also directed to file status reports every ninety days.

Petitioner attempted to exhaust his state remedies by applying for a writ of habeas corpus in the New Hampshire Superior Court. His application raised the same four grounds raised in the petition previously filed in this court. By order dated May 10, 2007, the Superior Court explained that it had, in previous orders, dismissed petitioner's first three grounds because they had already been addressed on appeal by the Supreme Court. The Superior Court denied relief on petitioner's fourth ground on the merits. That ground was "whether the State destroyed potentially exculpatory evidence when it failed to collect and analyze physical evidence found on the alleged murder weapon, in violation of [petitioner's] Fourteenth Amendment right to due process." (Report & Recommendation (document no. 33), at 3.)

In his state-court application for habeas relief, petitioner described his destruction-of-evidence claim as follows:

> This evidence [i.e., evidence from the murder weapon] is critical to the defendant's case, especially the stain located in the bore of the handgun. If the reddish stains were blood, which is quite likely, the blood located in the bore must be the blood of the last

> person who was shot.  If the blood was the alleged
> victim's, it would constitute evidence casting
> considerable doubt on the State's assertion at trial
> that the defendant shot the alleged victim and then
> shot himself.

(Resp't's Mot. Summ. J., Ex. F, at 4.)  During the state habeas proceeding, the Superior Court ordered the State to present two items to the State laboratory for testing: "an alleged cotton swab containing a brownish substance from the alleged murder weapon that was referenced in testimony at the time of the petitioner's trial [and] the murder weapon itself which had some stains on it."  (Resp't's Mot. Summ. J., Ex. N (Super. Ct. Order of May 10, 2007).)  The State reported that the swab had been lost.  (Id.)  Testing by the State laboratory – to which Sawtell objected[1] – revealed that the brownish stain in the bore of the alleged murder weapon was Sawtell's blood, and not the victim's.  (Id.)

On June 7, 2007, Sawtell filed a status report with this court.  He attached the Superior Court order denying his state habeas application.  More than ten months later, Sawtell moved to lift the stay in this case.  His motion was denied on grounds that he had not demonstrated exhaustion of available state

---

[1] Sawtell argued that because the State had lost the cotton swab, the State laboratory should not be trusted to test the alleged murder weapon.  (Resp't's Mot. Summ. J., Ex. N (Super. Ct. Order of May 10, 2007).)  The court disagreed.  (Id.)

3

remedies. (See Notice of Ruling (document no. 22).) The magistrate judge pointed out, among other things, that petitioner produced nothing to demonstrate that the New Hampshire Supreme Court had been given the opportunity to rule on the claims in his petition.[2] Thereafter, Sawtell was granted a further stay, in order to first present his claims to the state Supreme Court.

On September 22, 2008, more than sixteen months after the Superior Court order denying his habeas application, Sawtell appealed that decision to the New Hampshire Supreme Court. He raised two issues on appeal:

> A. Did the State destroy potentially exculpatory evidence when it failed to collect and analyze physical evidence located on the alleged murder weapon and in the bore of the alleged murder weapon, thereby violating the appellant's rights to due process of law under the state and federal constitutions? See generally Illinois v. Fisher, 124 S. Ct. 1200 (2004), State v. Dowdle, 148 N.H. 345 (2002).
>
> B. Did the State violate the appellant's rights to due process of law under the federal and state constitutions when it failed to properly address newly discovered issues in the State Habeas Corpus proceeding, those issues being the existence of a not previously disclosed swab, the State's inability to locate[ ] the swab, and the further testing of the murder weapon and the preservation of any remaining evidence? See generally

---

[2] The magistrate judge also noted that, ordinarily, he would recommend dismissal for lack of demonstrated exhaustion, but he chose, instead, to give petitioner yet another opportunity to exhaust.

4

>   California v. Trombetto, 467 U.S. 479 (1984),
>   State v. Reynolds, 131 N.H. 291 (1988).

(Resp't's Mot. Summ. J., Ex. N. (Notice of Appeal).)  By order dated September 29, 2008, the state Supreme Court dismissed Sawtell's appeal for failure to comply with the thirty-day deadline established in Supreme Court Rule 7(1).

Sawtell then successfully moved to lift the stay of these proceedings.  After preliminary review, the magistrate judge determined that Sawtell's first three grounds for relief were not cognizable on federal habeas review, and thus reduced the petition to the single claim stated in ground four:

> whether the State destroyed potentially exculpatory evidence when it failed to collect and analyze physical evidence found on the alleged murder weapon, in violation of Sawtell's Fourteenth Amendment right to due process.

(Report & Recommendation, at 3.)  Accordingly, ground four was the only claim served on respondent.

After the petition was served, and answered, petitioner moved to amend.  His motion was denied without prejudice to refiling in compliance with the local rules.  On July 6, 2009, respondent filed the motion for summary judgment now before the court.  The next day, petitioner filed a second motion to amend,

which was granted without objection.  The amended petition adds a second ground for relief:

> Whether the State violated the defendant's rights to due process of law under the state and federal constitutions when it failed to address newly discovered issues in the state habeas proceeding, these issues being the[ ] existence of a not previously disclosed swab, the State's inability to locate the swab, and the further testing of the murder weapon and the preservation of any remaining evidence.

(First Am. Pet. (document no. 41), at 16.)

## Discussion

In his summary judgment motion – which addresses ground four of the original petition (i.e., ground one of the first amended petition), but not the new ground for relief introduced in the subsequently filed amended petition – respondent argues that petitioner's claim was procedurally defaulted by the state Supreme Court's order dismissing petitioner's appeal of the Superior Court's denial of his state habeas application.  He further argues that even if that claim were not procedurally defaulted, he is entitled to judgment as a matter of law on the merits.  Petitioner counters that: (1) there was no procedural default; (2) if there was a procedural default, it should be excused; and (3) respondent is not entitled to judgment as a matter of law on the merits.

The doctrine of independent and adequate state grounds "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedure requirement." Yeboah-Sefah v. Ficco, 556 F.3d 53, 66 (1st Cir. 2009) (quoting Coleman v. Thompson, 501 U.S. 722, 730-31 (1991)).  However, "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review . . . of a federal constitutional claim." Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)) (other citations omitted); see also Burks v. Dubois, 55 F.3d 712, 716 (1st Cir. 1995).

Here, Sawtell's constitutional claims were, indeed, procedurally defaulted.  The state Supreme Court dismissed Sawtell's appeal because it was late, under Rule 7(1), and that rule is both firmly established and regularly followed. See, e.g., State v. Gaylor, 158 N.H. 230, 236 (2009) (declining to accept untimely discretionary appeal under Rule 7(1)(B)); In re Guardianship of Phuong Phi Thi Luong, 157 N.H. 429, 438 (2008).

A procedural default, however, may be excused under either of two circumstances:

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Lynch v. Ficco, 438 F.3d 35, 45 (1st Cir. 2006) (quoting Coleman, 501 U.S. at 750). Here, as in Lynch, "[t]here can be no serious claim that this petition falls into the 'fundamental miscarriage of justice' category," 438 F.3d at 45, and petitioner makes no such claim.[3] Accordingly, petitioner's procedural default can be excused only if he can show cause and prejudice. He cannot.

Regarding the cause for the sixteen-month delay between the dismissal of his state habeas application and his appeal of that decision, Sawtell argues: "Petitioner's counsel did not initially seek appeal of the State Court judgment based on his understanding, albeit erroneous, of how this Court wanted the petitioner to proceed in this matter." (Pet'r's Memo. of Law (document no. 42-2), at 6.) While Sawtell does not say so directly, he appears to suggest that the cause for his failure to

---

[3] In the habeas context, the paradigmatic fundamental miscarriage of justice is the conviction of one who is actually innocent. See Lynch, 438 F.3d at 45; Walker v. Russo, 506 F.3d 19, 21 (1st Cir. 2007) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).

file a timely appeal was ineffective assistance of counsel. If so, that argument fails. As the court of appeals explained in Yeboah-Sefah:

> To the extent that Yeboah-Sefah makes a cursory attempt to attribute "cause" to the ineffective assistance of his prior post-conviction counsel, this argument is easily dismissed. Deficiency by counsel rising to the level of constitutionally ineffective assistance under Strickland [v. Washington, 466 U.S. 668 (1984)] can serve as cause to excuse the procedural default of another habeas corpus claim. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, to the extent that petitioner superficially makes such a claim, he fails to develop it properly, and in any event, has not exhausted it by raising it in the state courts. See Lynch, 438 F.3d at 46 (explaining that any ineffective assistance claim must be itself exhausted before it may be used to excuse a procedural default of another federal claim).

556 F.3d at 75-76 (footnote and parallel citation omitted). The court of appeals further explained:

> Alternatively, a lesser error by counsel can also serve as "cause" for procedural default, but "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," such as, for example, the "factual or legal basis for a claim [not being] reasonably available to counsel," or "some interference by officials." Murray v. Carrier, 477 U.S. 478, 488 (1986) (internal citations omitted).

Id. at 76 n.14 (parallel citations omitted). Here, as in Yeboah-Sefah, petitioner has demonstrated neither exhaustion of a Strickland ineffective assistance claim in the state courts, nor

9

any objective factor external to the defense that prevented him from appealing the Superior Court's denial of his habeas application.  Accordingly, he has not shown cause for his procedural default.  Absent a showing of cause for the procedural default, there is no legally sufficient basis for excusing it.  See Lynch, 438 F.3d at 45.  Because petitioner's claims were procedurally defaulted in the state court, federal habeas relief is barred.  See Yeboah-Sefah, 556 F.3d at 66.

Finally, it is probably worth noting, if only in passing, that the evidence petitioner characterized at the outset of his state habeas proceeding as "potentially exculpatory" has since proven not to be exculpatory.  Petitioner argued that the brownish stain in the bore of the handgun found at the scene was the blood of the last person shot, and if that blood came from someone other than him, such evidence would undermine the State's theory that he shot the victim first and then turned the gun on himself.  As it turns out, the DNA testing ordered by the state habeas court established that the stain in the gun bore was petitioner's own blood, which is consistent with the State's theory of the case.  In other words, that evidence is not at all exculpatory, even under petitioner's theory.  Petitioner cannot show prejudice from his failure to timely appeal, given the DNA test results.

**Conclusion**

For the reasons given, respondent's motion for summary judgment (document no. 39) is granted.  The clerk of the court shall enter judgment in accordance with this order and close the case.  Anticipating the change to Rule 11 of the Rules governing Section 2254 and 2255 cases, effective December 1, 2009, a certificate of appealability is <u>denied</u>.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 21, 2009

cc:   Thomas J. Gleason, Esq.
      Scott F. Gleason, Esq.
      Elizabeth C. Woodcock, Esq.
      Stephen D. Fuller, Esq.
      John C. Vinson, Esq.